## Shelburne Sportswear, Inc. v. Philadelphia

*Alan J. Swotes*, for appellant.

*Louis Kattelman*, Assistant City Solicitor, for appellee.

KELLEY, J., January 28, 1964—This is an appeal from a decision of the Tax Review Board of Philadelphia upholding mercantile license tax assessments against appellant for the years 1959 and 1960. The facts in the case are not in dispute. Such facts, as found by the board, are as follows:

"Petitioner is a Pennsylvania business corporation, organized on May 24, 1954, for the purpose of engaging in certain kinds of knitting operations characterized as 'full-fashioned.' It has issued shares of stock; it has a Board of Directors and officers; it has one or more bank accounts; it owns property such as the knitting machinery used in its operations; it rents space for its facilities; it employs and pays labor; it pays for repairs to its machinery and for spare parts and for certain supplies used in its operations; during one

year here involved, it paid a salary to its president; it performs its operations solely for Clover Knitting Mills, Inc., an affiliate, having the same stockholders owning their shares in the same relative proportions and the same directors and officers; in so doing it takes yarns supplied by Clover and knits them into unfinished garments such as 'sweater bodies': *its sole source of current receipts, except for a minimal amount from sales of knit goods to employees, is Clover Knitting Mills, Inc., and the amount of such receipts is not based on a unit or other fixed price but is determined generally by the persons in control of both corporations to provide petitioner with sufficient funds to meet its expenses;* it has filed Federal and Pennsylvania Tax returns as a separate corporate entity annually since its organization; it has filed Philadelphia Mercantile License Tax returns and paid the tax shown thereon to be due annually since its organization but changed its method of reporting and computing the tax after 1958; no assessment was made for the years 1956, 1957 and 1958 when operations and receipts were on the same basis as in 1959 and 1960, but petitioner reported all receipts from Clover as part of the tax base for the three earlier years and paid the tax computed thereon whereas such receipts were excluded in 1959 and 1960; and in 1960 the exclusion of such receipts from Clover from the tax base was claimed on the theory that they were from goods delivered to the other party to the transaction outside the City of Philadelphia, although it is admitted that all products resulting from Petitioner's operations for Clover are delivered to Clover in the same building in which Petitioner is located and Clover makes all sales to third parties, with the minimal exception noted above." (Italics supplied.)

The sole issue in the case is whether, in view of the foregoing undisputed facts, petitioner is an entity engaged in business in Philadelphia for mercantile tax

purposes and taxable in respect to its receipts from Clover Knitting Mills, Inc.

The tax under consideration is contained in The Philadelphia Code, sec. 19-1001, et seq. The tax ordinance, in its pertinent parts, provides:

"(1) Every person engaging in any of the following businesses in the city shall, in addition to paying a license fee as herein provided, pay an annual mercantile license tax for the year 1953 and annually thereafter at the rate set forth . . .

"(e) All other persons engaged in business at the rate of 3 mills on each dollar of the annual gross volume of business transacted."

The word "business" is defined in the ordinance as:

"(1) The carrying on or exercising for *gain or profit* within the City any trade, business, profession, vocation, or making sales to persons within the City, or any manufacturing, commercial or financial activity, service or business, including but not limited to manufacturers, brokers, wholesale dealers or wholesale vendors, retail dealers or retail vendors." (Italics supplied.)

From the above-quoted sections of the statute, it can be seen that the issue of whether petitioner is engaged in business turns on the question of whether petitioner, in manufacturing the goods for Clover, can be considered as operating for gain or profit and, therefore, a business within the purview of the statute.

In considering the issue raised on this appeal, we are bound by the well-established principles that no municipality may levy taxes, general or special, unless the power be plainly and unmistakably conferred, and that tax statutes should be strictly construed, resolving all doubts against the taxing body; Price v. Tax Review Board, 409 Pa. 479 (1963), and cases cited therein.

Petitioner's contention, in substance, was that it was created by Clover merely as a bookkeeping device so that Clover could know the exact cost of the "full fashioned" operation and that it was a corporate entity in name only because it was not created to profit in its dealings with Clover.

The board rejected petitioner's contention and imposed the mercantile tax on all of its receipts from Clover. In its opinion, the board stated:

". . . This appears to us to be completely inconsistent with the facts and with Petitioner's own treatment and description of itself. The informality of the arrangements under which Petitioner is paid for the manufacturing operations which it performs for Clover cannot obscure the fact that it does, as a separate corporate entity, perform manufacturing operations for Clover and receive money in consideration thereof. Nor can the fact that the corporate officers (who are identical in both corporations) determine for their own convenience that the profits in the one corporation shall be greater than the other, effect a change in tax consequences. Nor can the fact that petitioner, because of this determination, shows no profit alter the fact that petitioner did have receipts and that the consequence of tax on these receipts must follow."

The principal case relied upon by the board is not authority for the question here considered, because, in that case, the board found as a fact the taxpayer was engaged in a separate and independent business apart from its related business enterprise. This fact shows a profit motive: Edward F. Kelly, T. R. B. Memo. Opinion 55-11, dated April 19, 1955, affirmed on appeal by Court of Common Pleas No. 6, on July 28, 1955. In the instant case, the board found that petitioner's sole source of receipts, with an exception not here relevant, was Clover. This fact tends to negate a profit motive. Moreover, we do not consider the case of Gold Mfg. Co.

T. R. B. Memo Opinion No. 58, dated July 10, 1958,. appeal dismissed by C. P. No. 2, Philadelphia County, June term, 1959, no. 1425, February 25, 1960, as persuasive, because the question here raised was not discussed in that opinion.

It seems to this Court that this case is controlled by the principles stated in Philadelphia School District v. Frankford Grocery Co., 376 Pa. 542 (1954). In that case, it was held that where a corporation, in its cooperative function, was not conducting an independent business separate and apart from its constitutent members and its receipts from them were in payment for their withdrawals of merchandise purchased for their account, said receipts were not taxable, because the corporation was not engaged in business for "gain or profit". What was said by the court in the Frankford case, on page 547, is equally apropos here:

"In deciding that the defendant was not subject to the tax on the receipts from its member retail grocers, the court below said: 'Our conclusion is that this company is not a commercial distributor in the ordinary sense. It is true that the reason for its existence is a business one in the sense that its function is auxiliary to the retail grocery trade of its members. *But the design of its activities is not immediately for profit but rather as an aid in reducing costs in the overall conduct of retail merchandising.* The gross receipts of that end result, the business of the retail members, are subject to the tax. To impose the tax also on the intermediate purchasing methods of the cooperative association would seem to us unfair. We look therefore at the substantial characteristics of the company's activities and decide that it is not in business within the meaning of the Act since its function is only an auxiliary one to the retail business of its members. . . . The outstanding feature of the Frankford Grocery Company is that it is not organized to make a profit from its activities in

distributing goods and services to its retail grocer members. . . .' " (Italics supplied.)

It is true that in the Frankford case the corporation's purpose, as stated in its bylaws, was "a purely cooperative one", whereas in the instant case the corporate purpose would appear to be a business one. However, we do not consider that fact controlling. As the court stated in Frankford, supra, page 549:

"We deem it unimportant that it is incorporated under the Business Corporation Law [Act of May 5, 1933, P. L. 364, as amended]. We are not concerned with the form but with the substance of its structure and operation in its cooperative activities."

What is the substance of petitioner's structure and operation? The undisputed testimony establishes that its sole function was to operate as a bookkeeping device for Clover. This is not a case where a business intending to function as a profit-making organization fails to show a profit. It is more a case where the primary design of the corporation's activities is not for profit. This court feels that it would be an injustice to impose a tax on petitioner merely because Clover may have chosen an unwise method of bookkeeping.

In view of the principle that tax statutes should be strictly construed, we feel that there is substantial doubt as to whether a corporation of the type hereinbefore described was intended to be considered a business for "gain or profit" within the purview of the statute and such doubt should be resolved in favor of the taxpayer.

Therefore, we hold that petitioner is not taxable on its receipts from Clover, Inc., under the ordinance here involved.

### Order

And now, January 28, 1964, the appeal of Shelburne Sportswear, Inc., is sustained, the decision of

the tax review board is reversed and the assessments heretofore made against Shelburne Sportswear, Inc., are set aside.